JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-0218 JGB (SHKx)** | Date | September 12, 2023 |
|---|---|---|---|
| Title | *Richard Harden v. Southern Hills Acceptance Holdings, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

|  MAYNOR GALVEZ  | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order DISMISSING Case for Failure to Prosecute (IN CHAMBERS)**

On February 10, 2023, pro se Plaintiff Richard Harden, III ("Plaintiff") filed a complaint against Defendants Southern Hills Acceptance Holdings, Inc. and Dean Morrow (jointly, "Defendants"). ("Complaint," Dkt. No. 1.) On March 3, 2023, Defendants moved to dismiss the Complaint. ("Motion," Dkt. No. 9.) On March 30, 2023, the Court granted Defendants' Motion and dismissed the Complaint with leave to amend by April 10, 2023. ("Minute Order," Dkt. No. 15.) To date, Plaintiff has not filed an amended complaint.

On August 2, 2023, the Court ordered Plaintiff to show cause in writing no later than August 10, 2023, why this action should not be dismissed for failure to prosecute. ("Order to Show Cause," Dkt. No. 18.) To date, Plaintiff has not filed a response.

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff has failed to prosecute his case with reasonable diligence because he has not filed an amended complaint for almost five months. In addition, Plaintiff has failed to obey a court order because he has not responded to the Court's Order to Show Cause.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54. Dismissal is warranted when "at least four factors support dismissal" or "where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992)).

The Court finds that dismissal is appropriate. The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). Both the public and the Court will benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. Plaintiff has unreasonably delayed this action without explanation by failing to file an amended complaint for months and failing to respond to the Court's Order to Show Cause. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." Ferdik, 963 F.2d at 1261; see also Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).

Additional delay will prejudice Defendants, forcing them to spend needless resources defending this action. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay."). Moreover, less drastic sanctions are not realistic. The Court has already issued an Order to Show Cause, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)). In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety. See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

For the above reasons, the Court **DISMISSES** Plaintiff's Complaint without leave to amend. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**